870 F.2d 656
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick Joseph CARBERRY, Defendant-Appellant.
 No. 88-7279.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 30, 1988.
Decided Feb. 22, 1989.
 
 Patrick Joseph Carberry, appellant pro se.
 Henry Edward Hudson, United States Attorney, for appellee.
 Before DONALD RUSSELL, MURNAGHAN, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Patrick Carberry, currently incarcerated in the United Kingdom pursuant to a judgment of conviction from the United States District Court for the Eastern District of Virginia, appeals the order of the district court dismissing his petition for habeas corpus relief. In his petition Carberry alleged that his transfer to the United Kingdom from the United States violated Fed.R.App.P. 23, and 18 U.S.C. Sec. 4100(c). The district court found no merit to Carberry's claim of a Rule 23 violation. The court did not address the alleged violation of Sec. 4100. We find no merit to this appeal and affirm.
 
 
 2
 Rule 23 limits the transfer of a prisoner "pending review of a decision in a habeas corpus proceeding."[1] Carberry was transferred from the United States to the United Kingdom on March 25, 1988, pursuant to the United Kingdom's Repatriation of Prisoners Act of 1984. On April 6, 1988, the district court entered an order dismissing Carberry's then pending motion for postconviction relief brought pursuant to 28 U.S.C. Sec. 2255. Carberry's notice of appeal from the April 6 order was not filed until May 2, 1988. Because no appeal was pending at the time of the transfer, there was no violation of Rule 23.
 
 
 3
 The district court properly declined to address Carberry's claim that his transfer during the pendency of the postconviction motion violated 18 U.S.C. Sec. 4100(c).[2] Although the United States District Court for the Eastern District of Virginia is the proper court for a 28 U.S.C. Sec. 2255 application for postconviction relief, that court lacks jurisdiction to entertain any challenge to the legality or validity of the transfer from the United States to the United Kingdom. In his affidavit filed in response to the Government's answer to his petition for habeas relief Carberry noted that the consent verification hearing which preceded his transfer was held before a United States judge in Oklahoma. Section 3244(4) of Title 18, United States Code, provides:
 
 
 4
 [A]ll proceedings instituted by or on behalf of an offender seeking to challenge the validity or legality of the offender's transfer from the United States shall be brought in the United States district court of the district in which the proceedings to determine the validity of offender's consent were held and shall name the Attorney General as respondent.
 
 
 5
 It is clear, therefore, that Carberry's allegations concerning violations of 18 U.S.C. Sec. 4100(c) must be brought in the Oklahoma district court which conducted the consent verification hearing.[3]
 
 
 6
 Accordingly, we affirm on the reasoning of the district court. United States v. Carberry, CR No. 75-362-A; C/A No. 87-1084-AM (E.D.Va. Aug. 22, 1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Fed.R.App.P. 23 provides in part:
 (a) Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice or judge of the United States for the release of a prisoner, a person having custody of the prisoner shall not transfer custody to another unless such transfer is directed in accordance with the provisions of this rule. Upon application of a custodian showing a need therefor, the court, justice or judge rendering the decision may make an order authorizing transfer and providing for the substitution of the successor custodian as a party.
 
 
 [2]
 18 U.S.C. Sec. 4100(c) provides:
 An offender shall not be transferred to or from the United States if a proceeding by way of appeal or of collateral attack upon the conviction or sentence be pending.
 
 
 [3]
 Carberry has also filed in this Court a paper titled "Petition for Writ of Habeas Corpus," in which he once again challenges the validity of his repatriation to the United Kingdom. As previously noted, such a challenge must be brought in the appropriate Oklahoma district court. Accordingly, we dismiss the petition for lack of jurisdiction